**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**VINCENT MICHAEL MARINO,**
                         Petitioner,

               v.                                     9:08-CV-01286
                                                      (TJM)
**DEBORAH G. SCHULT,**
                         Respondent.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **VINCENT MICHAEL MARINO, 14431-038**<br>  Petitioner, *pro se*<br>MDC Brooklyn<br>Metropolitan Detention Center<br>Inmate Mail/Parcels<br>P.O. Box 329002<br>Brooklyn, New York 11232 | |
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>100 S. Clinton Street Asst. United States Attorney<br>Syracuse, New York 13261-7198 | **CHARLES E. ROBERTS, ESQUIRE** |

**THOMAS J. MCAVOY, SENIOR U.S. DISTRICT JUDGE**

## MEMORANDUM-DECISION AND ORDER

      Petitioner Vincent Michael Marino filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on or about November 28, 2008 in which he claimed that the Federal Bureau of Prisons ("BOP") miscalculated the amount of prior custody credit to which he was entitled. *See* Dkt. No. 1 at 3, Memorandum of Law ("Mem.") at 3-5. In an Order filed January 27, 2010, the Court denied the petition in its entirety. Dkt. Nos. 15-16.

      Presently before the Court is Petitioner's motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, dated February 8, 2010. Dkt. No. 21. Respondent has filed a response in opposition to Petitioner's motion. Dkt. No. 25. For the reasons that follow, the motion is **denied with prejudice**.

Petitioner filed a Notice of Appeal in this case on February 3, 2010.  Dkt. No. 19.  By doing so, "he divested this Court of the ability to grant his Rule 60(b) motion without first obtaining permission from the Second Circuit [.]. *Hill v. West*, No. 04-CV-6601CJS, 2009 WL 3491274, at *3 (W.D.N.Y. Oct. 23, 2009). The Court may, however, "***entertain* and *deny*** a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals." *Stewart Park and Reserve Coalition*, 374 F. Supp. 2d 243, 251 (N.D.N.Y. 2005)(emphasis in original) (citing *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992)). To the extent that this Court has jurisdiction to review Petitioner's Rule 60(b) motion, it is denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of several enumerated grounds. FED. R. CIV. P. 60(b). Subsections one through five set forth specific grounds for relief.  *Id.* at Rule 60(b)(1)-(5).  Under subsection six, relief may be granted for "any other reason that justifies relief." *Id.* at Rule 60(b)(6). The Supreme Court has interpreted subsection six as requiring a showing of "extraordinary circumstances" to "justify[ ] the reopening of a final judgment," which "will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)(Rule 60(b)(6) "allows courts to vacate judgments whenever necessary to accomplish justice, although such relief should be granted only in extraordinary circumstances.").

A Rule 60(b) motion may be used to attack "the integrity of the previous habeas proceeding," but not to attack "the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).  Rule 60(b) motions also may not be used to circumvent the AEDPA's restriction on the filing of

second or successive habeas petitions. 28 U.S.C. § 2244(b)(1)-(3).[1] *Gonzalez*, 545 U.S. at 531-32. If a petitioner had already had a first habeas petition challenging a conviction denied on the merits, and a Rule 60(b) motion simply attacks the same underlying conviction or sentence, a district court may treat the motion as a second or successive habeas petition and transfer it to the appropriate Court of Appeals for possible certification, or deny the portion of the motion attacking the underlying conviction " 'as beyond the scope of Rule 60(b).' " *Harris,* 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)). *See Harris v. United States*, 357 F. Supp. 2d 524, 527 (N.D.N.Y. 2005)(Kahn, J.)("If a [Rule 60(b)] motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition[.]").  However, a petitioner is not making a habeas claim if he "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzalez*, 545 U.S. at 532 n. 4.

Petitioner's motion is brought pursuant to Rule 60(b)(6).  His argument is that this Court incorrectly declined to review several of his claims that constituted a challenge to his underlying criminal conviction, instead rejecting these claims on procedural grounds. Dkt. No. 21. Specifically, Petitioner argues that the Court failed to address "issues of double jeopardy, outrageous government misconduct, ineffective assistance of counsel, government's failure to provide discovery from U.S. v. Salemme, 91 F. Supp. 2d 262-311 (D. Mass. 1999), thats [sic] exculpatory concerning Bulger, Flemmi,

---

[1] In order to file a successive section 2254 petition, a petitioner must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Second Circuit, a district court lacks jurisdiction to consider a successive habeas petition. *See Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003) (stating that "the authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived").

Mercurio, [and] FBI Agents Connolly [and] Buckley's misconduct." Dkt. No. 21 at 4. Petitioner claims that the Court's failure to address these claims constitutes a defect in the integrity of the proceedings that warrants an evidentiary hearing. *Id.*

To the extent that Petitioner's motion attacks the validity of his underlying RICO conviction, it is denied as beyond the scope of a Rule 60(b) motion because it is, in actuality, a second or successive section 2255 motion. *Gonzalez*, 545 U.S. at 531-32; *Harris*, 357 F. Supp. 2d at 527. To the extent that Petitioner's motion challenges the Court's procedural rulings with respect to his attempt to raise the claims outlined in his Rule 60(b) motion in his habeas petition, he has failed to show extraordinary circumstances exist that justify the reopening of the final judgment.

The Court rejected Petitioner's attempt to amend his petition to include these claims because (1) his submission did not comport with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 7.1(a)(4); (2) the claims challenged the validity of Petitioner's RICO indictment and its subsequent prosecution and therefore were properly brought only in a petition pursuant to 28 U.S.C. § 2255; (3) since a previous section 2255 motion had been denied, any new attempt to challenge the RICO conviction would constitute a second or successive motion for which Petitioner did not receive prior certification from the First Circuit to file; and (4) Petitioner failed to show that the remedy under section 2255 was inadequate or ineffective to test the legality of his detention. *See* Dkt. No. 15 at 12-19. Petitioner does not point to any flaw in the integrity of the proceedings, except his disagreement with the Court's decision. Petitioner's motion is therefore denied with prejudice.

**WHEREFORE**, it is

**ORDERED**, that Petitioner's Rule 60(b)(6) motion (Dkt. No. 21) is **<u>DENIED WITH PREJUDICE</u>**; and it is

**ORDERED**, that, because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability will not be issued; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Petitioner and Respondent in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:   March 24, 2010

Thomas J. McAvoy
Senior, U.S. District Judge